IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY DEAN DUSENBERY,** | : | **CIVIL ACTION NO. 1:04-CV-2361** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA** and **RONALD A. LAINO,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 27th day of January, 2006, upon consideration of the report of the magistrate judge (Doc. 30), recommending the granting of summary judgment in favor of defendants on plaintiff's Eighth Amendment denial of medical care claim and medical malpractice claims under the Federal Tort Claims Act, to which objections were filed (Doc. 35), and, following an independent review of the record, it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff,[1] see L.R. 56.1 (providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement), that plaintiff was afforded medical treatment

---

[1] Plaintiff claims that defendants' statement of material facts should not be deemed admitted for his failure to file an opposition as set forth in Local Rule 56.1 because the law library at USP Allenwood does not have a copy of the Local Rules for the Middle District of Pennsylvania. (See Doc. 35 at 1-2.) However, a copy of the Middle District's Standing Practice Order in *Pro Se* Plaintiff Cases, which includes Local Rule 56.1, was docketed and sent to plaintiff via U.S. mail on October 29, 2004. (See Doc. 3.) Likewise, upon granting plaintiff's motion for an extension of time, the magistrate judge directed plaintiff to file a response to defendants' statement of material facts along with a brief in opposition. (See Doc. 22.)

for his skin ailments and only challenges the appropriateness of that treatment and the lack of a specific diagnostic test, see Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("Mere disagreement as to the proper medical treatment [is insufficient] to support a claim of an [E]ighth [A]mendment violation."); Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question whether . . . additional diagnostic techniques or forms of treatment [are] indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); see also Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." (citation omitted)), that the medical malpractice claims[2] are not supported by expert testimony,[3] see Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003) ("Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that

---

[2] Pennsylvania law applies to plaintiff's medical malpractice claims under the Federal Tort Claims Act ("FTCA"), see 28 U.S.C. § 1346(b), but ordinary diligence is the applicable duty of care in a case involving a federal prisoner, see 18 U.S.C. § 4042(a); Hossic v. United States, 682 F. Supp. 23, 24-25 (M.D. Pa. 1987).

[3] Plaintiff's purported expert testimony is only of his diagnosis *almost fifteen years ago* by a Physician's Assistant (see Doc. 35 at 6; Doc. 25, Ex. A). It does not address plaintiff's current condition or the "applicable standard of care, the deviation from that standard, causation [or] the extent of the injury." Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003).

2

standard, causation and the extent of the injury."), that plaintiff's medical malpractice claims do not involve a simple matter that could be understood by a layperson, see Miville v. Abington Mem'l Hosp., 377 F. Supp. 2d 488, 491 n.2 (E.D. Pa. 2005) (providing that the only exception to the expert requirement under Pennsylvania law is "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons"), and that the prior denial of counsel (see Doc. 31) does not preclude summary judgment in favor of defendants on these claims, see Simpson v. Fed. Bureau of Prisons, No. 3:CV 02 2313, 2005 WL 2387631, at *4 (M.D. Pa. Sept. 28, 2005) ("Although [a] case may turn on . . . the presentation of expert testimony, . . . [this] alone is insufficient reason to appoint counsel . . . ." (referencing Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 30) is ADOPTED.

2. Defendants' motion (Doc. 18) for summary judgment is GRANTED. See FED. R. CIV. P. 56(c).

3. The Clerk of Court is directed to enter JUDGMENT against plaintiff and in favor of defendants Ronald A. Laino and the United States of America.

4. The Clerk of Court is directed to CLOSE this case.

      /s/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge